[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11581

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTWAN GOSS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60175-WPD-1

————————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Antwan Goss appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Goss asserts (1) that the district court clearly erred when it denied his motion to suppress evidence because, according to him, the police officers who testified against him were not credible; (2) that, as a result, the officers had no factual basis for reasonably suspecting that he was armed and dangerous for purposes of conducting a patdown search; and (3) that his firearm would not have been inevitably discovered because his warrants were non-extraditable. After careful review, we affirm.

The facts are known to the parties, and we repeat them here only as necessary to decide the case.

★   ★   ★

"Because rulings on motions to suppress evidence present mixed questions of law and fact, we review the district court's factual findings for clear error and its application of the law to the facts *de novo*." *United States v. Lewis*, 674 F.3d 1298, 1302–03 (11th Cir. 2012) (internal quotations omitted). The facts are construed in favor of the party that prevailed below, and we afford substantial deference to the factfinder's explicit and implicit credibility determinations. *Id.* at 1303 (citing *United States v. McPhee*, 366 F.3d 1269, 1275 (11th Cir. 2003); *United States v. Floyd*, 281 F.3d 1346, 1349 (11th Cir.

2002) (per curiam)). We accept the district court's credibility determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Holt*, 777 F.3d 1234, 1255 (11th Cir. 2015) (internal quotations omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (internal quotations omitted). We have also held that where two police officers recall an incident differently, it is not clear error for the factfinder to credit one officer's testimony over the other. *See United States v. Stancil*, 4 F.4th 1193, 1199 (11th Cir. 2021) (holding that a magistrate judge was not clearly erroneous in crediting officers' testimony despite inconsistencies regarding their positions relative to the defendant's car), *cert. denied*, 142 S. Ct. 511 (2021); *see also United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010) (holding that it was not clearly erroneous to credit an officer who remembered the smell of marijuana when another officer did not recall the smell).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause." U.S. Const. amend. IV. A police officer may lawfully conduct a traffic stop without a warrant if he has reasonable suspicion that the person has participated in or is about to participate in criminal activity, which includes minor traffic violations. *United States v. Campbell*, 26 F.4th 860, 880 (11th Cir. 2022) (en banc) (citing *United States v.*

*Chanthasouxat*, 342 F.3d 1271, 1277 (11th Cir. 2003); *Holeman v. City of New London*, 425 F.3d 184, 189–90 (2d Cir. 2005)), *cert. denied*, 143 S. Ct. 95 (2022).

An officer may order occupants out of a vehicle during a lawful traffic stop and conduct a limited search of an occupant's outer clothing for weapons "[i]f the officer has a reasonable suspicion that the person may be armed and dangerous." *United States v. Bishop*, 940 F.3d 1242, 1248 (11th Cir. 2019) (citing *Arizona v. Johnson*, 555 U.S. 323, 327 (2009)). Reasonable suspicion exists when "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* (internal quotations omitted). "To determine whether a suspicion was reasonable, we evaluate the totality of the circumstances surrounding the stop, including the collective knowledge of all officers involved in the stop." *Id.* at 1249. An individual's nervousness and criminal record are two factors that may contribute to reasonable suspicion. *Id.* at 1249. Another relevant factor is whether the investigation takes place "in a high crime area." *Lewis*, 674 F.3d at 1309 (citing *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *United States v. Gordon*, 231 F.3d 750, 755–56 (11th Cir. 2000)).

Generally, evidence obtained by unconstitutional means is inadmissible because it is "the fruit of the poisonous tree." *Cf. Wong Sun v. United States*, 371 U.S. 471, 484 (1963). But where the evidence "inevitably would have been discovered by lawful means," this exclusionary rule doesn't apply. *Nix v. Williams*, 467 U.S. 431, 444 (1984).

Here, the district court did not err in denying Goss's motion to suppress. *See Lewis*, 674 F.3d at 1302–03. First, the district court's factual findings were based on its determination that O'Hara and Ventura—the arresting officers here—were credible, and there is nothing in the record to warrant reversal of that credibility finding. *See Holt*, 777 F.3d at 1255. Moreover, their testimony presented "two permissible views of the evidence," such that the district court's "choice between them cannot be clearly erroneous." *McPhee*, 336 F.3d at 1275 (internal quotations omitted).

Any discrepancies between O'Hara's and Ventura's testimony relate to a rapidly evolving interaction that lasted "mere minutes." In this context, such inconsistencies do not overcome the "substantial deference" afforded to the district court's credibility determinations. *Lewis*, 674 F.3d at 1303 (citing *McPhee*, 366 F.3d at 1275; *Floyd*, 281 F.3d at 1349). The district court's resolutions of purported discrepancies here were not "contrary to the laws of nature" or "so inconsistent or improbable" that no reasonable factfinder could accept the testimony. *Holt*, 777 F.3d at 1255 (internal quotations omitted). To be sure, Goss' girlfriend, Qwanesia Mitchell—who was on the phone with Goss for a majority of the traffic stop—presented an alternate, credible perspective. But her testimony as to what she *heard* on the phone does not invalidate O'Hara's and Ventura's testimony regarding their *visual* observations of Goss's nervous behavior. *McPhee*, 336 F.3d at 1275.

Second, the district court did not clearly err in concluding that "a reasonably prudent man in the circumstances would be

warranted in the belief that his safety or that of others was in danger." *Bishop*, 940 F.3d at 1248 (internal quotations omitted  The court credited O'Hara's testimony that Goss consented to the request to lift his shirt.  Accordingly, once O'Hara saw the bulge in Goss's waistband, it was reasonable to suspect that Goss was armed and dangerous, and a pat-down search was therefore justified. *Bishop*, 940 F.3d at 1248 (citing *Johnson*, 555 U.S. at 327).    The district court also correctly determined, in the alternative, that even if the pat-down search was not consensual, it would have been justified because Goss was stopped in a high-crime area, appeared nervous, and had a criminal history.  *Lewis*, 674 F.3d at 1309 (citing *Wardlow*, 528 U.S. at 124; *Gordon*, 231 F.3d at 56)); *Bishop*, 940 F.3d at 1249.

Third and finally, we needn't reach the question whether the firearm would have inevitably been discovered; because there was no Fourth Amendment violation, the exclusionary rule does not apply.  *See Wong Sun*, 371 U.S. at 488; *Williams*, 467 U.S. 431, 444 (1984).

For these reasons, the district court's judgment is **AFFIRMED**.